UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
UNITED STATES OF AMERICA
            :    CONSENT ORDER OF
      - v. -                      INTERLOCUTORY SALE
            :    OF REAL PROPERTY
SUNI MUNSHANI,
            :    S1 22 Cr. 215 (JSR)
         Defendant.
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 9, 2022, SUNI MUNSHANI (the "Defendant"), was charged in a one-count Superseding Information, S1 22 Cr. 215 (JSR) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One in the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, involved in the offense charged in the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in the Information and, *inter alia*, the following property: 20 Redding Road, Easton, Connecticut, (the "Subject Property");

        WHEREAS, on or about December 9, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation of Count One of the Information and agreed, pursuant to Title 18, United States Code, Section 981(a)(1)(C), to forfeit all of his right, title and interest in, *inter alia*, the Subject Property to the Government;

WHEREAS, the Subject Property is titled in the name of Sunil Munshani, Trustee of the Arjun Munshani 2013 Trust; and

WHEREAS, the Government and the Defendant have agreed to the interlocutory sale of the Subject Property by the Defendant before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Damian Williams, United States Attorney, Assistance United States Attorney, Timothy V. Capozzi, of counsel, Mark Pearlstein, Esq., counsel for Defendant, and the Defendant, that

1. Defendant is authorized to sell the Subject Property in a commercially feasible manner and the United States Marshals Service ("USMS") may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. Upon the sale of the Subject Property the net proceeds shall be deposited in the Seized Asset Deposit Fund pending the resolution of this matter.

3. The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

   a. Any outstanding mortgages;
   b. Real estate commissions, fees;
   c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
   d. Insurance costs;
   e. Escrow fees;
   f. Title fees; and

   g. County transfer fees

4. Defendant shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date thereof.

5. The cumulative net proceeds realized from the sale of the Subject Property and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

6. The net proceeds shall be issued in a check made payable to United States Marshals Service and referencing "S1 22 Cr. 215 (JSR), 20 Redding Road, Easton, Connecticut" in the memorandum section of the check and deposited and be held by the United States Marshals Service (or its designee) in the Seized Asset Depository Fund pending entry of a final order of forfeiture.

7. In furtherance of the interlocutory sale the parties agree to execute promptly any documents that may be required to complete the interlocutory sale of the Subject Property.

8. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

9. This Interlocutory Order constitutes the complete agreement between the

parties hereto and may not be amended except by written consent thereof.

10. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

11. Each party agrees to bear its costs and attorneys' fees.

12. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____         1/9/23
      TIMOTHY V. CAPOZZI                     Date
      Assistant United States Attorney
      One Saint Andrews Plaza
      New York, New York 10007
      (212) 637-2404

DEFENDANT

By: _____         1/9/23
      SUNI MUNSHANI                          Date
      Individually and as Trustee of the
      Arjun Munshani 2013 Trust

By: _____         January 6, 2023
      MARK PEARLSTEIN, ESQ.                  Date
      McDERMOTT WILL & EMERY LLP
      200 Clarendon Street, 58th Floor
      Boston, MA 02116

SO ORDERED:

_____              1/10/23
HONORABLE JED S. RAKOFF                      Date
UNITED STATES DISTRICT JUDGE